# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 09-10314
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

v.

PANFILO MARTINEZ,

> Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-159-4

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Panfilo Martinez appeals his sentence following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a controlled substance (cocaine). Martinez argues that the district court erred by enhancing his guidelines offense level for obstruction of justice and denying a reduction for acceptance of responsibility.

A defendant's offense level may be increased by two levels if he willfully obstructed or impeded the investigation, prosecution, or sentencing of the offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of conviction and the obstructive conduct related to the offense of conviction and any relevant conduct. *See* U.S.S.G. § 3C1.1. A district court's findings are reviewed for clear error, and a "factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Holmes,* 406 F.3d 337, 363 (5th Cir. 2005) (internal quotation marks and citation omitted). We conclude that the district court's attribution of threats made against a codefendant and the codefendant's family to Martinez was not clearly erroneous. We also find that, contrary to Martinez's assertion, the district court did not attribute a threat to cut a codefendant's throat to Martinez. The district court did not clearly err in finding it was a reasonable inference that these threats were intended to obstruct justice by dissuading a codefendant from further cooperation with the Government.

A defendant's offense level may be reduced by as many as three levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, cmt. n.4. However, a defendant can receive adjustments under both §§ 3C1.1 and 3E1.1 in an "extraordinary" case. *Id.* We review a determination of acceptance of responsibility with even greater deference than under a clearly erroneous standard; the district court's ruling on acceptance of responsibility "should not be disturbed unless it is without foundation." *United States v. Washington,* 340 F.3d 222, 227 (5th Cir. 2003) (internal citations and quotation marks omitted). Contrary to Martinez's assertion, there is nothing in the record to suggest that the district court mistakenly believed that an obstruction of justice enhancement required it to deny a reduction for acceptance of responsibility. Instead, the district court stated that it was denying a reduction for acceptance of responsibility for the same reasons it had imposed an enhancement for obstruction of justice. Martinez has not shown that his was an "extraordinary" case. *See* § 3E1.1, cmt.

n.4. We conclude that the district court's denial of the reduction was not without foundation.

AFFIRMED.